GEO. W. RHODES, ETC., *v.* J. R. GILLISPY & WIFE.

**Pleading—Defects in Petition Cured by Answer.**

A petition relating to real estate, which is fatally defective for want of description of the property, may be cured by averments of the answer supplying such defects.

**Appeal—Grounds—Premature Hearing.**

The fact that a case was prematurely heard is not ground for appeal to the Court of Appeals until the question has been presented and acted upon by the trial court.

**Appeal—Matters Not Presented.**

The Court of Appeals can not prejudge matters not presented to it on appeal.

APPEAL FROM DAVIESS CIRCUIT COURT.

January 14, 1873.

OPINION BY JUDGE PETERS:

There is not an averment in the petition that appellee, Sarah A. Gillispy, was a married woman, or labored under any disability when she signed and acknowledged the deed.

The petition contains no description whatever of the lot or real property sought to be recovered. A large space is left blank in the copy furnished us, apparently to be filled by some one at some future period, and the name of the grantor in the deed, which is referred to for the purpose of giving a location to the property, is left blank. It is therefore a petition without one material allegation, and upon which no valid judgment could have been rendered, if it had stood alone and unaided by the answer; but all the material aid needed is elaborately and fatally furnished by the answer, and with the omissions thus supplied the court below had no alternative and could do nothing less than render judgment for the surrender of the possession of the land to appellees.

But the ulterior questions which relate to the lien of appellants for unpaid purchase money, and for money advanced on the subsequent contract for the purchase of the lot or for the previous sale thereof and rents and improvements, are undetermined by the circuit court, and these questions this court cannot anticipate nor prejudge. But for the reasons stated the judgment for the recovery of the possession of the lot must be affirmed.

*G. W. Swope, appellants.*

*Sweeney & Sweeney, for appellees.*

---

---

RESPONSE TO PETITION FOR REHEARING.

January 14, 1873.

OPINION BY JUDGE PETERS:

If the case was prematurely heard, that was no ground for an appeal to this court until the question had been presented and acted upon in the court below (Secs. 577, 578, Civ. Code), and no action appears to have been taken in that court on the question.

The case on the cross-petition, asserting a lien on the lot for unpaid purchase money, was continued, and what was "understood" in that court further than is expressed in the record this court has no means of knowing, and if it had and the understanding was erroneous, this court has no power to correct. But in the opinion delivered in the case it is stated that the question as to the lien of appellants for purchase money on the lot is undetermined by the court below, and this court can not prejudge the question. We add that this court must presume that the circuit court will, on final hearing, give to appellants all the relief they shall show themselves entitled to.

The answer fails to allege a failure on the part of appellees to give appellants notice to quit, but places the defense on entirely different grounds.

We are constrained to adhere to the opinion delivered.

Petition *overruled*.

*G. W. Swope, for appellants.*

*Sweeney & Sweeney, for appellees.*